### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LISA BREZ,** | |
| **Plaintiff,** | |
| v. | Case No. 16-2576-DDC-GEB |
| **FOUGERA PHARMACEUTICALS, INC., et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

On August 18, 2016, plaintiff Lisa Brez filed this suit, alleging Title VII, Americans with Disabilities Act ("ADA"), and state employment law claims. Doc. 1. Over a year later, the parties filed a joint stipulation of dismissal after mutually resolving plaintiff's claims. Doc. 74. This closed the case. On March 30, 2018, plaintiff filed a Motion to Seal Case, arguing that the court should seal the case because plaintiff is having difficulty finding new employment because this case is public record. Doc. 75. Defendants have not filed a response and the time for filing one has passed. *See* D. Kan. Rule 6.1(d)(1) ("Responses to non-dispositive motions . . . must be filed and served within 14 days.").

The public has a "general right to inspect and copy public records and documents . . . ." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The same is also true with the name of litigants. *Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1288 (D. Kan. 2017). "'This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest.'" *Fish v. Kobach*, 320 F.R.D. 566, 577 (D. Kan. 2017) (quoting *Gambrell*

*v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2011 WL 3518172, at *1 (D. Kan. Aug. 11, 2011)). So, a party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

Some courts have allowed a litigant to use a pseudonym to prosecute a case, but courts generally frown upon this practice. *See Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) ("[I]dentifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized."). For example, the Supreme Court allowed a woman seeking an abortion to use a pseudonym in litigation over her right to an abortion. *See Roe v. Wade*, 410 U.S. 113 (1973); *see also Doe v. Bolton*, 410 U.S. 179 (1973). And this court has allowed a minor to proceed under a pseudonym when he sought relief for "alleged sexual abuse and assault he suffered as a child." *J.B. v. Liberal Sch. Dist., USD No. 480*, No. 06-2359, 2006 U.S. Dist. LEXIS 67622, at *3 (D. Kan. Sept. 20, 2006). But courts have refused to allow a plaintiff to litigate by pseudonym when the public nature of the lawsuit might affect plaintiff's professional future. *Lindsey*, 592 F.2d at 1125 (citing *Doe v. Deschamps*, 64 F.R.D. 652 (D. Mont. 1974)).

Here, plaintiff fails to identify a substantial interest that justifies sealing the case or even proceeding under a pseudonym. In her Amended Complaint, plaintiff brought Title VII, ADA, and state employment law claims. *See* Doc. 69. So, this is not a case involving a woman seeking an abortion or a minor. Plaintiff simply argues that this case's public presence is harming her professional future. This interest falls short of the standard required to proceed under a pseudonym, much less seal an entire case. So, the court denies plaintiff's request.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Seal Case (Doc. 75) is denied.

**IT IS SO ORDERED.**

**Dated this 20th day of April, 2018, at Topeka, Kansas.**

s/ Daniel D. Crabtree_____
**Daniel D. Crabtree**
**United States District Judge**
